UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELVIN CRIBBS, JANICE CRIBBS, his
wife; and KEVIN CRIBBS, a minor, by and
through his parents and natural guardians,

Plaintiffs,

-vs-                                                                                  Case No.  5:04-cv-188-Oc-10GRJ

TRISM SPECIALIZED CARRIERS, INC.
d/b/a TRISM, INC., a foreign corporation;
TRI-STATE MOTOR TRANSIT CO. d/b/a
TRISM, INC., a foreign corporation; and
ALEXANDER MELNIK, JR.,

Defendants.
_____/

## O R D E R

This is a diversity action in which the Plaintiffs, Melvin Cribbs, his wife, Janice Cribbs, and their minor son, Kevin Cribbs, sue the Defendants for injuries sustained in an automobile accident caused by the Defendants' alleged negligence. This case is before the Court for consideration of the Defendants' motion to dismiss the loss of consortium claim of Mr. Cribbs (Doc. 36) on the ground that it is barred by the bankruptcy automatic stay. Mr. Cribbs has responded (Doc. 41).  For the following reasons the motion is due to be granted, subject to Mr. Cribbs' right to reinstate is claim upon the rendering of an order by the bankruptcy court retroactively authorizing his claim.

**Background and Facts**

The Defendants in this action are Trism Specialized Carriers, Inc. and Tri-State Motor Transit Company (collectively "Trism, Inc.") and Alexander Melnik, Jr., a resident of Arizona. Trism, Inc. is apparently engaged in the business of interstate shipping, and Defendant Melnik was one of its drivers. The complaint alleges that on September 29, 2000, Defendant Melnik was driving one of Trism Inc.'s semi trucks through Lake County on State Road 91. Mr. Cribbs was also driving his vehicle on State Road 91 on that day, and his wife and minor son were in the vehicle with him. According to the complaint, Defendant Melnick negligently operated his vehicle "and failed to properly advise motorists of the danger from the Defendants' property left in the roadway." Mr. Cribbs struck the object in the road with his vehicle. Mrs. Cribbs and their son were injured.

The complaint, which was originally filed in state court on May 15, 2003, is framed in three counts. Count one is a claim against Trism, Inc. for negligence. Count two is a claim against Defendant Melnik for negligence. Count three is a claim by Mr. Cribbs for the loss of consortium of his wife against all of the Defendants.

**Discussion**

Trism, Inc. moves to dismiss count three of the complaint - the loss of consortium claim by Mr. Cribbs - on the ground that Mr. Cribbs has not obtained relief from the automatic stay which arose over a year before the Plaintiffs' suit when Trism, Inc. filed its bankruptcy petition late 2001 in the Western District of Missouri. A petition for relief from the automatic stay was filed in the bankruptcy court on April 15, 2002 on behalf of Mrs.

Cribbs, individually, and Mr. and Mrs. Cribbs as parents and legal guardians of Kevin Cribbs. The petition did not request relief from the stay for any claims by Mr. Cribbs on behalf of himself. Mr. Cribbs concedes that the resulting bankruptcy court order does not specifically lift the stay with respect to his personal claim against Trism. Nevertheless, Mr. Cribbs argues that the Trism has waived the protection of the stay and that, alternatively, the modification order implicitly authorizes his claim.

Section 362 of the Bankruptcy Code reads in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The § 362(a) stay is "automatic" because it is triggered by the filing of a bankruptcy petition. Its purpose is not only to protect the debtor by halting all collection efforts and giving the debtor a "breathing spell" but also to protect creditors by preventing "'particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors.'"[1] For these reasons courts recognize that the stay cannot be waived by the debtor.[2] Once the stay is in effect and without relief from the bankruptcy

---

[1] Constitution Bank v. Tubbs, 68 F.3d 685, 691 (3rd Cir. 1995) (quoting Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3rd Cir. 1991)). See also Ostano Commerzanstalt v. Telewide Systems, Inc., 790 F.2d 206, 207 (2nd Cir. 1986).

[2] Id.

3

court, any judicial action taken to commence or continue a claim against the debtor is void *ab initio*, unless the bankruptcy court grants retroactive relief.[3]

The Plaintiffs' action was commenced after Trism filed its bankruptcy petition and after the Plaintiffs obtained relief from the automatic stay. It is clear, however, that the order modifying the stay did not specifically lift the stay to permit Mr. Cribbs to pursue claims against Trism on his own behalf. Therefore, Mr. Cribbs' loss of consortium claims are barred.[4]

However, it appears that Mr. Cribbs may still be able to pursue his claim if he secures an order from the bankruptcy court retroactively modifying the stay. Accordingly, upon due consideration, it is adjudged that the motion to dismiss (Doc. 36) is GRANTED, and Mr. Cribbs' claim for loss of consortium against Trism, Inc. is DISMISSED subject to

---

[3] Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982); In re Albany Partners, Ltd., 749 F.2d 670, 675-76 (11th Cir. 1984) (retroactive relief from stay appropriate).

The Plaintiff cites a footnote in the Eleventh Circuit's decision in Bel-Bel Int'l Corp. v. Community Bank of Homestead, 162 F.3d 1101, 1110 n. 15 (11th Cir. 1999), suggesting that the automatic stay is an affirmative defense which, if not pled in the answer, may be waived. The footnote contains only non-binding dictum.

[4] Bel-Bel Int'l, 162 F.3d 1101, does not support the Plaintiff's contention that the order modifying the stay be liberally construed to implicitly grant relief from the stay with respect to the Plaintiff's own claims. In Bel-Bel Int'l, two of the defendants, Growers Packing Company and its principal, filed a joint petition for bankruptcy only weeks after Bel-Bel brought its suit. Bel-Bel obtained an order granting relief from the stay to allow its suit to proceed. The Circuit held that the district court did not err in concluding that the stay modification order authorized Bel-Bel to continue its claims against Growers Packing because "[t]he stay order did not omit Growers Packing when declaring that Bel-Bel's district court litigation would be permitted to proceed." Here, the Plaintiffs' suit was not filed before Trism's bankruptcy. The order modifying the stay in this case therefore did not authorize the continuation of a pre-petition suit, but instead contemplated a future suit by specified plaintiffs for certain claims. Mr. Cribbs' loss of consortium claim was not included.

reinstatement in the event that the bankruptcy court issues an order retroactively lifting the stay so that Mr. Cribbs' claim for loss of consortium against Trism may be maintained.[5]

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 6th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[5] The record does not reflect whether Trism's bankruptcy case has concluded, and the Court assumes that the case is pending. However, if the Court is wrong in this assumption, the Plaintiffs may make a motion for the Court to reconsider the issue in light of the legal effect, if any, of the manner in which the bankruptcy proceeding was concluded.